PEOPLE v MALINOWSKI

Docket No. 311020. Submitted May 15, 2013, at Lansing. Decided May
23, 2013, at 9:00 a.m.

David M. Malinowski pleaded guilty in the Livingston Circuit Court,
Michael P. Hatty, J., to a charge of assault with intent to rob while
armed. He was sentenced consistent with the terms of a plea
agreement to one year in jail and three years' probation. The order
of probation stated that defendant was prohibited from using
alcohol. Defendant thereafter admitted using alcohol and pleaded
guilty of a probation violation. The court accepted the plea and
ordered defendant's probation to continue with additional terms,
including that defendant serve 30 days in jail and that, upon his
release, he wear an alcohol tether (an electronic monitoring device
to detect the use of alcohol) for six months and complete a
substance abuse program. The Court of Appeals granted the
prosecution's application for leave to appeal in which the prosecu-
tion contended that the trial court erred by failing to sentence
defendant within the legislative sentencing guidelines applicable
to his original conviction and by failing to articulate a substantial
and compelling reason for departing from the sentencing guide-
lines range.

The Court of Appeals *held*:

1. A trial court must articulate on the record a substantial and
compelling reason for any departure from the legislative sentenc-
ing guidelines. The reason for a departure must be objective and
verifiable. The articulation of additional substantial and compel-
ling reasons is not required when the record confirms that the
sentence was imposed as part of a valid plea agreement.

2. MCR 6.445(G) provides that, if a court finds that a proba-
tioner has violated a condition of probation, or if a probationer
pleads guilty of such a violation, the court may continue the
person's probation, modify the conditions of probation, extend the
probation period, or revoke the person's probation and impose a
sentence of incarceration. The trial court did not abuse its discre-
tion by continuing defendant's probation with additional terms, as
permitted by MCR 6.445(G). In addition, defendant's original

sentence imposing probation complied with MCL 769.34(3) and did not violate the legislative sentencing guidelines.

3. The holding in *People v Hendrick*, 472 Mich 555 (2005), that the legislative sentencing guidelines apply to a sentence imposed after a probation violation, is not applicable when probation is continued, modified, or extended pursuant to MCR 6.445(G).

Affirmed.

1. SENTENCES — SENTENCING GUIDELINES — PLEA AGREEMENTS — DEPARTURES FROM GUIDELINES.

MCL 769.34(3) provides that a trial court must articulate on the record a substantial and compelling reason for any departure made from the legislative sentencing guidelines; the reasons for a particular departure must be objective and verifiable; the requirements of the statute are satisfied when the record confirms that the sentence was imposed as part of a valid plea agreement and the articulation of additional substantial and compelling reasons by the trial court is not required.

2. SENTENCES — PROBATION — VIOLATIONS OF CONDITIONS OF PROBATION.

A court, if the court finds that a probationer has violated a condition of probation, or if a probationer pleads guilty of a violation, may continue the probationer's probation, modify the conditions of probation, extend the probation period, or revoke probation and impose a sentence of incarceration (MCR 6.445[G]).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *David L. Morse*, Prosecuting Attorney, and *William J. Vailliencourt, Jr.*, Assistant Prosecuting Attorney, for the people.

*Law Offices of Suzanna Kostovski* (by *Suzanna Kostovski*) for defendant.

Before: HOEKSTRA, P.J., and TALBOT and WILDER, JJ.

PER CURIAM. The prosecution appeals by leave granted the trial court's order continuing defendant's probation after defendant pleaded guilty of violating the terms of his probation by consuming alcohol. Because the trial court did not revoke defendant's proba-

tion, it was not required to resentence defendant pursuant to the legislative sentencing guidelines and, therefore, we affirm.

In April 2010, defendant pleaded guilty to a charge of assault with intent to rob while armed, MCL 750.89, and in May 2010, he was sentenced to one year in jail and three years' probation. Defendant's probation order prohibited the use of alcohol. This sentence was the result of a plea agreement between the prosecution and defendant that the trial court accepted at sentencing. At the sentencing hearing, the prosecutor acknowledged that the imposed sentence was a downward departure from the legislative sentencing guidelines, but noted that a plea agreement constitutes a substantial and compelling reason for a downward departure.

On June 14, 2012, defendant admitted using alcohol and pleaded guilty of a probation violation. Immediately after his plea, the trial court ordered defendant's probation continued with additional terms. Specifically, the trial court ordered that defendant serve 30 days in jail and that, upon his release, he was to wear an alcohol tether (an electronic monitoring device to detect the use of alcohol) for six months and complete a substance abuse treatment program. On June 22, 2012, an amended order of probation setting forth the added conditions was entered by the trial court.

On appeal, the prosecution argues that after accepting defendant's admission that he violated his probation, the trial court erred by failing to sentence defendant within the legislative sentencing guidelines applicable to his original conviction. In addition, the prosecution notes that the trial court did not articulate any substantial and compelling reason to justify its

downward departure from the sentencing guidelines range, and maintains that there is no such reason present in this case.

We review for an abuse of discretion a trial court's decision to set terms of probation. *People v Zujko*, 282 Mich App 520, 521; 765 NW2d 897 (2009). We also review for an abuse of discretion the trial court's imposition of a sentence. *People v Underwood*, 278 Mich App 334, 337; 750 NW2d 612 (2008). "A trial court may be said to have abused its discretion only when its decision falls outside the principled range of outcomes." *People v Blackston*, 481 Mich 451, 460; 751 NW2d 408 (2008). We review for clear error a trial court's reasons for a departure from the legislative sentencing guidelines, but we review for an abuse of discretion whether the reasons given for departure are substantial and compelling. *People v Smith*, 482 Mich 292, 300; 754 NW2d 284 (2008). We review de novo questions of law. *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004).

If the sentence of a trial court is within the appropriate sentencing guidelines range, this Court must affirm that sentence unless the trial court erred by scoring the guidelines or relied on inaccurate information when determining the defendant's sentence. *People v Babcock*, 469 Mich 247, 261; 666 NW2d 231 (2003). If a sentence is not within the sentencing guidelines range, this Court must determine whether the trial court articulated a substantial and compelling reason to justify its departure from the guidelines range. *Id.* at 261-262. Pursuant to MCL 769.34(3),[1] a trial court must

---

[1] MCL 769.34(3) provides: "A court may depart from the appropriate sentence range established under the sentencing guidelines set forth in chapter XVII if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure."

articulate on the record a "substantial and compelling reason" for any departure made from the legislative sentencing guidelines. The reasons for a particular departure must be objective and verifiable. *Smith*, 482 Mich at 299; *Babcock*, 469 Mich at 257-258. In *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005), our Supreme Court held that the requirements of MCL 769.34(3) were satisfied "when the record confirms that the sentence was imposed as part of a valid plea agreement." The Court further explained, "[u]nder such circumstances, the statute does not require the specific articulation of additional 'substantial and compelling' reasons by the sentencing court." *Id.* Further, with respect to probation violation sanctions, MCR 6.445(G) provides: "If the court finds that the probationer has violated a condition of probation, or if the probationer pleads guilty to a violation, the court may continue probation, modify the conditions of probation, extend the probation period, or revoke probation and impose a sentence of incarceration."

In this case, as permitted by MCR 6.445(G), defendant was not resentenced because his probation was not revoked. Instead, defendant's probation was continued with modifications as permitted by MCR 6.445(G) and an amended order of probation was entered. On these facts, the prosecution's argument that resentencing within the guidelines range was required is unavailing because it fails to apprehend the difference between a probation violation that results in a revocation and resentencing, and one that does not. The trial court did not abuse its discretion by continuing defendant's probation with additional terms because MCR 6.445(G) specifically permits such action. Moreover, defendant's original sentence imposing probation complied with MCL 769.34(3) and, thus, did not violate the legislative sentencing guidelines. *Wiley*, 472 Mich at 154.

Nevertheless, the prosecution argues that this case is controlled by the holding in *People v Hendrick*, 472 Mich 555; 697 NW2d 511 (2005). In *Hendrick*, the Court held that the legislative sentencing guidelines apply to a sentence imposed after a probation violation. *Id*. at 557. The prosecution argues that this holding has general applicability to all sanctions imposed following a finding that a defendant has violated probation. However, *Hendrick* is factually distinguishable from this case because in *Hendrick* the defendant's probation was revoked and the defendant was resentenced. This fact is significant because the plain language of MCR 6.445(G) uses the word "or" to distinguish revocation of probation and imposition of a new sentence of incarceration, as was the case in *Hendrick*, from continuation, modification, and extension of probation, as is the case here. *People v Kowalski*, 489 Mich 488, 499; 803 NW2d 200 (2011) (noting that the disjunctive term "or" indicates a choice between two alternatives.) Further, in *Hendrick*, the Court specifically stated in its holding that the legislative sentencing guidelines apply to the defendant's sentence "even if the sentence follows the imposition and *revocation* of probation," 472 Mich at 557 (emphasis added), but did not address whether the legislative sentencing guidelines are applicable to a continuance, modification, or extension of probation after a violation. Consequently, we conclude that the holding in *Hendrick* is not applicable when probation is continued, modified, or extended pursuant to MCR 6.445(G).

Affirmed.

HOEKSTRA, P.J., and TALBOT and WILDER, JJ., concurred.