PEOPLE v MINEAU

Docket No. 313178. Submitted May 13, 2014, at Marquette. Decided
August 5, 2014, at 9:05 a.m.

Francis S. Mineau was convicted in 1999 of indecent exposure involving
two minors and required to register as a sex offender under the Sex
Offender Registration Act (SORA), MCL 28.721 *et seq*. At that time
and all times relevant to this case, he lived less than 1,000 feet from
an elementary school. In 2005, the Legislature amended SORA by
adding provisions related to student safety zones. MCL 28.733(f)
defines a student safety zone as the area 1,000 feet or less from school
property, and MCL 28.735(1) prohibits registered sex offenders from
residing within that zone. MCL 28.735(3)(c), however, additionally
provides that the prohibition does not apply to someone who was
living in the zone on January 1, 2006. Accordingly, defendant's 1999
conviction did not require him to vacate his residence when the
amendments became effective. Defendant was removed from the sex
offender registry in 2011, but in 2012 he exposed himself to minors
who were passing his house. He was charged in the Delta Circuit
Court with and pleaded guilty of aggravated indecent exposure, MCL
750.335a(2)(b) and was again required to register as a sex offender.
Defendant was sentenced to probation. The prosecution argued that
defendant was required by MCL 28.735(1) to vacate his residence
within the student safety zone and relocate more than 1,000 feet from
school property. The court, Stephen T. Davis, J., concluded that
because defendant had resided within the student safety zone on
January 1, 2006, the exception set forth in MCL 28.735(3)(c) applied
and accordingly declined to order defendant to vacate his residence as
a term of probation. The prosecution appealed by leave granted.

The Court of Appeals *held*:

1. The first sentence of MCL 28.735(3)(c) provides a general
exception to the prohibition against living in a student safety zone
for sex offenders who were residing within the zone on January 1,
2006. The second sentence of MCL 28.735(3)(c), however, renders
that exception inapplicable to an individual who initiates or
maintains contact with a minor within that student safety zone.
The statute has no temporal component; it does not require that
the initiation or maintenance of contact that triggers this excep-

tion to the general exception occur after the conduct giving rise to the defendant's current offense. Consequently, the exception set forth in the first sentence of MCL 28.735(3)(c) does not apply in the case of an individual who has contact with a minor in a student safety zone, and MCL 28.735(1) required defendant to vacate his residence within the student safety zone.

2. Under MCL 28.735(4), an individual who is required to move from a student safety zone pursuant to MCL 28.735(1) has a period of up to 90 days in which to do so. This provision applies to an individual such as defendant who generally meets the requirement of the MCL 28.735(3)(c) exception (that he or she had been living in the student safety zone on January 1, 2006) but to whom MCL 28.735(3)(c) does not apply by virtue of the exception to the exception set forth in the second sentence of MCL 28.735(3)(c) for individuals who initiated or maintained contact with a minor. Therefore, defendant had 90 days from the imposition of his sentence to vacate his residence within the student safety zone.

3. MCL 28.735(4) further provides that if the individual initiates or maintains contact with a minor within the student safety zone during the 90-day period, he or she is not entitled to the benefit of the 90-day allowance to effect the change of residence.

Trial court's order vacated and case remanded for resentencing with a probation term requiring defendant to leave his residence.

1. CRIMINAL LAW — SEX OFFENDERS REGISTRATION ACT — STUDENT SAFETY ZONES AROUND SCHOOLS — VACATING RESIDENCE.

The Sex Offender Registration Act defines a student safety zone in MCL 28.733(f) as the area 1,000 feet or less from school property, and MCL 28.735(1) prohibits registered sex offenders from residing within that zone; MCL 28.735(3)(c) provides a general exception to that prohibition for sex offenders who were residing within the zone on January 1, 2006, but the exception does not apply to an individual who initiates or maintains contact with a minor within that student safety zone, and that individual is required to vacate his or her residence within the zone; the initiation or maintenance of contact that triggers this exception to the general exception may be the conduct that gave rise to the sex offender's current offense (MCL 28.721 et seq.).

2. CRIMINAL LAW — SEX OFFENDERS REGISTRATION ACT — STUDENT SAFETY ZONES AROUND SCHOOLS — VACATING RESIDENCE — 90-DAY PERIOD TO VACATE.

The Sex Offender Registration Act provides in MCL 28.735(4) that a registered sex offender who is required to move from a student

safety zone pursuant to MCL 28.735(1) has a period of up to 90 days in which to do so; the provision applies to an individual who under MCL 28.735(3)(c) would otherwise not be required to move because he or she was living in the zone on January 1, 2006, except for the fact that he or she initiated or maintained contact with a minor, rendering the exception of MCL 28.735(3)(c) inapplicable; furthermore, an individual who initiates or maintains contact with a minor within the student safety zone during the 90-day period is no longer entitled to the benefit of the 90-day allowance to effect the change of residence (MCL 28.721 *et seq.*).

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Steven C. Parks*, Prosecuting Attorney, and *James E. Soderberg*, Assistant Prosecuting Attorney, for the people.

*Russell W. Hall* for defendant.

Before: BECKERING, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

BOONSTRA, J. The prosecution appeals by leave granted[1] the trial court's order denying its request to order defendant, Francis Steven Mineau, to vacate his residence within the "student safety zone" as a term of probation as a registered sex offender in accordance with MCL 28.735(1), part of the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. We vacate the order and remand for resentencing.

### I. PERTINENT FACTS AND PROCEDURAL HISTORY

At all relevant times, defendant's residence was located approximately 191 feet from an elementary school. Pursuant to SORA, because he lived within 1,000 feet of the school, he lived within a "student

---

[1] *People v Mineau*, unpublished order of the Court of Appeals, entered June 21, 2013 (Docket No. 313178).

safety zone." MCL 28.733(f). In 1999, he was appar-
ently[2] convicted of indecent exposure involving two
young girls who were walking to school. See MCL
750.335a. Consequently, he was required to register as a
sex offender, but at the time, SORA did not require him
to vacate his residence. In 2005, the Legislature
amended SORA by adding MCL 28.735, which, *inter
alia*, provides that individuals who are required to be
registered under SORA "shall not reside within a stu-
dent safety zone." MCL 28.735(1), as added by 2005 PA
121 (effective January 1, 2006). However, notwithstand-
ing his 1999 conviction, defendant was not required to
vacate his residence when the statute became effective
because he "was residing within that student safety
zone on January 1, 2006." MCL 28.735(3)(c), as
amended by 2005 PA 322. In 2011, defendant was
removed from the sex offender registry.

On May 15, 2012, defendant exposed himself to
elementary school children who were passing his house
in a school bus. Defendant was charged with, and
pleaded guilty of, aggravated indecent exposure, MCL
750.335a(2)(b). As a consequence, defendant was again
required to register as a sex offender. Defendant was
sentenced, in relevant part, to probation subject to a
number of conditions, including placing an opaque
fence around his property. Relevant to the instant
appeal, the prosecutor argued that under MCL
28.735(1), defendant was required to vacate his resi-
dence within the student safety zone and relocate to
more than 1,000 feet from school property. The trial
court concluded that because defendant had resided

---

[2] The exact nature of defendant's prior conviction was not specified in
the record before us, and we have not been provided with a copy of
defendant's presentence investigation report. Nevertheless, defendant
has not disputed the prosecution's description of the 1999 incident.

within the student safety zone on January 1, 2006, the exception set forth in MCL 28.735(3)(c) applied to him. The trial court accordingly declined to order defendant to vacate his residence as a term of probation. This appeal followed.

## II. STANDARD OF REVIEW

"We review for an abuse of discretion a trial court's decision to set terms of probation." *People v Malinowski*, 301 Mich App 182, 185; 835 NW2d 468 (2013). An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes. *Id.* Additionally, an error of law might lead a trial court to abuse its discretion. *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). We review de novo as a question of law an issue of statutory interpretation. *People v Anderson*, 298 Mich App 178, 181; 825 NW2d 678 (2012).

## III. ANALYSIS

MCL 28.735(1) states that "[e]xcept as otherwise provided . . . , an individual required to be registered [under SORA] shall not reside within a student safety zone." It is not disputed that unless an exception applies, MCL 28.735(1) would require defendant, as a registered sex offender living in a student safety zone, to vacate his residence. However, the statute provides exceptions to the requirement found in MCL 28.735(1) in certain instances. In pertinent part, MCL 28.735(3) provides:

This section does not apply to any of the following:

* * *

(c) An individual who was residing within that student safety zone on January 1, 2006. However, this exception

does not apply to an individual who initiates or maintains contact with a minor within that student safety zone.

As noted, defendant was residing in his current residence on January 1, 2006. Consequently, under the *first* sentence of MCL 28.735(3)(c), defendant would not be required to vacate his residence. However, the applicability of the *second* sentence is at issue here. It is equally undisputed that "contact" need not be direct and physical. The trial court properly, if implicitly, concluded that defendant's conduct in the instant offense had constituted a kind of contact. The relevant inquiry is whether the "exception to the exception" set forth in the second sentence of MCL 28.735(3)(c) can be satisfied by the very conduct that causes an individual to have to register as a sex offender or whether it can only be satisfied by subsequent conduct. In other words, does the Legislature's use of the phrase "initiates or maintains contact" include a temporal component that cannot be satisfied by the conduct giving rise to the current offense but can only be satisfied by subsequent conduct?

We do not find such a temporal component in the language used by the Legislature in MCL 28.735(3)(c). What the Legislature was addressing was its heightened concern regarding that subset of sex offenders whose conduct is directed at minors and, in particular, minors within a student safety zone. Consequently, in recognition of the fact that the first sentence of MCL 28.735(3)(c) provides a general exception for sex offenders (of any type) who were residing within a student safety zone on January 1, 2006, the Legislature added the second sentence of MCL 28.735(3)(c) to render that exception wholly inapplicable to "an individual who initiates or maintains contact with a minor within that student safety zone."

The language used by the Legislature does not, as defendant suggests, limit the exception to the exception to conduct that occurs *after* an individual is required to register as a sex offender. To the contrary, the Legislature provided that the exception set forth in the first sentence of MCL 28.735(3)(c) simply has no application in the case of an individual who has contact with a minor in a student safety zone. The suggested temporal component would, in essence, grant defendant a "free pass," but it is one that we find the Legislature did not intend by the plain language of the statute.[3]

Accordingly, we hold that the statutory language does not limit the exception to the exception to conduct that occurs *after* an individual is required to register as a sex offender. Rather, the exception set forth in the first sentence of MCL 28.735(3)(c) simply does not apply in the case of an individual who has contact with a minor in a student safety zone.

This Court's decision in *People v Zujko*, 282 Mich App 520; 765 NW2d 897 (2009), is not to the contrary. In *Zujko*, this Court held that "MCL 28.735(1) and MCL 28.735(3)(c), taken together, mean that a registered sex offender shall not reside in a student safety zone unless the offender resided in that zone as of January 1, 2006." *Id.* at 523. In discussing the word "individual" in the context of MCL 28.735(3)(c), this Court stated that "if such an individual engages in any contact with a minor, the individual loses the benefit of the [exception] and

---

[3] We similarly find no temporal component in the Legislature's use of the word "required" in MCL 28.735(1). The Legislature could have prohibited only those individuals who were required to register before committing a current offense from residing in a student safety zone. It did not do so, however. Rather, by the plain language of MCL 28.735(1), defendant is, by virtue of his current offense, "an individual required to be registered" under SORA. He is therefore prohibited under that section from residing in the student safety zone.

must move his or her residence within 90 days pursuant to [MCL 28.735(4)]." *Id.* at 524. *Zujko* thus merely held that the exception set forth in the first sentence of MCL 28.735(3)(c) applied to *any* individual who resided in the student safety zone as of January 1, 2006, thereby rejecting the prosecution's position that MCL 28.735(3)(c) also required that the individual have been a registered sex offender as of that date. The Court's holding did not require interpretation of the second sentence of MCL 28.735(3)(c) because the defendant in that case was not charged with, or required to register as a sex offender because of, any "contact with a minor within [the] student safety zone." MCL 28.735(3)(c).

Nor does the interplay between MCL 28.735(3)(c) and (4) require a different result. MCL 28.735(4) states:

> An individual who resides within a student safety zone and who is subsequently required to register under [MCL 28.723 through MCL 28.730] shall change his or her residence to a location outside the student safety zone not more than 90 days after he or she is sentenced for the conviction that gives rise to the obligation to register under [MCL 28.723 through MCL 28.730]. However, this exception does not apply to an individual who initiates or maintains contact with a minor within that student safety zone during the 90-day period described in this subsection.

While MCL 28.735(4) was not directly at issue in *Zujko*, the Court addressed its interplay with MCL 28.735(3)(c) in dicta,[4] as follows:

> Subsection 4 gives an individual who resides in a student safety zone and who becomes a registered sex offender 90 days to relocate outside the zone. A reading of MCL

---

[4] In arguing that an individual did not fall within the MCL 28.735(3)(c) exception unless he or she was a registered sex offender as of January 1, 2006, the prosecution contended in *Zujko* that the trial court's contrary interpretation would render MCL 28.735(4) nugatory. This Court rejected that position.

28.735(4) and MCL 28.735(3)(c) indicates that an individual who falls under the 3(c) exemption would not be compelled to comply with the requirement of subsection 4. However, an individual who did not meet the 3(c) requirement, i.e., he or she did not reside in a school safety zone before January 1, 2006, would be required to move his or her residence within 90 days pursuant to subsection 4. [*Zujko*, 282 Mich App at 523-524.]

MCL 28.735(4) thus generally affords an individual who is required to move from a student safety zone pursuant to MCL 28.735(1) a period of up to 90 days in which to do so. As the Court in *Zujko* noted, an individual who falls under the MCL 28.735(3)(c) exception is not required to move from the student safety zone, and therefore Subsection (4) does not apply to that individual. But "an individual who did not meet the [Subsection] 3(c) requirement, i.e., he or she did not reside in a school safety zone before January 1, 2006, would be required to move his or her residence within 90 days pursuant to subsection 4." *Id.* at 524. What the Court in *Zujko* did not address, even in dicta, was the effect, if any, of Subsection (4) when the second sentence of MCL 28.735(3)(c) applies. That, again, is because the defendant in *Zujko* had not engaged in any "contact with a minor within [the] student safety zone." MCL 28.735(3)(c).

We conclude, consistently with *Zujko*, that like an individual to whom MCL 28.735(3)(c) does not apply (because the individual did not reside within the student safety zone as of January 1, 2006), an individual who generally does meet that MCL 28.735(3)(c) requirement, but to whom MCL 28.735(3)(c) is wholly inapplicable by virtue of the exception to the exception set forth in the second sentence of MCL 28.735(3)(c), is subject to MCL 28.735(4). He or she must therefore "change his or her residence to a location outside the

student safety zone not more than 90 days after he or she is sentenced for the conviction that gives rise to the obligation to register under [MCL 28.723 through MCL 28.730]." MCL 28.735(4). However, as it did in MCL 28.735(3)(c), the Legislature has provided an exception when the individual "initiates or maintains contact with a minor within that student safety zone during the 90-day period . . . ." MCL 28.735(4). In that event, the individual is not entitled to the benefit of the 90-day allowance that Subsection (4) otherwise affords.

In other words, if, as here, the current offense required registration under SORA, see MCL 28.723(1)(a); MCL 28.722(k) and (s)(*ii*), and MCL 750.335a(2)(b), and the individual offender was not subject to an exception or, as here, the specific exception was inapplicable, the individual generally would have a 90-day period within which to change his or her residence. That is true even if, as here, the offense involved "contact with a minor within [the] student safety zone." MCL 28.735(3)(c). However, if the individual "initiates or maintains contact with a minor within [the] student safety zone during the 90-day period," MCL 28.735(4), he or she loses the benefit of the 90-day period otherwise allowed to effect the change of residence.

Consequently, because defendant's current offense involved contact with a minor within the student safety zone, MCL 28.735(3)(c), the exception set forth in the first sentence of that subsection is inapplicable, and defendant must therefore vacate his residence within the student safety zone pursuant to MCL 28.735(1). Pursuant to MCL 28.735(4), he must do so within 90 days of the imposition of his sentence. If he were to initiate or maintain contact with a minor within that student safety zone during that 90-day period, he would lose the benefit of that 90-day allowance.

We therefore find that the "exception to the exception" set forth in the second sentence of MCL 28.735(3)(c) is satisfied by the conduct of the instant offense that caused defendant to have to register as a sex offender. We vacate the trial court's order denying the prosecution's request to order defendant to vacate his residence as a term of probation, and remand for resentencing with that added term of probation.

Reversed and remanded. We do not retain jurisdiction.

BECKERING, P.J., and RONAYNE KRAUSE, J., concurred with BOONSTRA, J.