# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DENNIS RAY MAGYARI,

      Defendant-Appellant.

UNPUBLISHED
January 12, 2017

No. 327798
Oakland Circuit Court
LC No. 2014-252567-FH

Before: BOONSTRA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted the trial court's order denying his motion to amend an order of probation to allow him to use medical marijuana while on probation.[1] We affirm.

On January 26, 2015, defendant pleaded no contest to operating while intoxicated (OWI), third offense, MCL 257.625, and operating without a valid license, MCL 257.301, arising from an incident on October 17, 2014. On March 2, 2015, the trial court sentenced defendant to three years' probation, with 60 days to be served in jail and one year of SCRAM tether.[2] Among the conditions of defendant's probation were that he not use or possess any controlled substance without a prescription, that he submit to drug testing as directed by his probation officer, that he participate in an outpatient or residential substance abuse treatment program, and that he not violate any criminal law of any unit of government. On March 17, 2015, defendant sought an order from the trial court allowing him to use medical marijuana while on probation. There appears no dispute that, at the time of sentencing, defendant possessed a valid registry

---

[1] Subsequent to the filing of this appeal, defendant's probation was revoked and he was sentenced to jail. Defendant filed an application for leave to appeal challenging the order revoking his probation, Docket No. 335627, which remains pending. Therefore, the issue raised in this appeal is not moot.

[2] Secure Continuous Remote Alcohol Monitoring (SCRAM) is an ankle bracelet that is secured against the person's skin to measure the gas alcohol concentration over the skin, by taking a sample of a person's sweat, to continuously detect alcohol consumption.

identification card for the medicinal use of marijuana, issued pursuant to the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*[3] On May 22, 2015, the trial court denied defendant's motion to allow him to use medical marijuana while on probation.

On appeal, defendant argues that the trial court erred in denying his motion to amend the probation order to allow for his medical use of marijuana while on probation. We disagree. This Court reviews for an abuse of discretion a trial court's decision regarding the terms of probation. *People v Malinowski*, 301 Mich App 182, 185; 835 NW2d 468 (2013). A trial court abuses its discretion only when its decision falls outside the principled range of outcomes. *Id.* (citation omitted). Underlying questions regarding the interpretation of the MMMA are reviewed de novo as questions of law. *People v Bylsma*, 493 Mich 17, 26; 825 NW2d 543 (2012).

The MMMA authorizes "[t]he medical use of marihuana . . . to the extent that it is carried out in accordance with [its] provisions[.]"[4] MCL 333.26427(a). In arguing that the trial court's prohibition of his medical use of marijuana while on probation violates the MMMA, defendant relies on MCL 333.26424(a), which provides:

> A qualifying patient who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, or penalty in any manner, or denied any right or privilege, . . . for the medical use of marihuana in accordance with this act[.]

Defendant seeks to argue the trial court's decision as an issue involving the interplay between federal law and Michigan law. However, conflict preemption is not an issue here. In this case, the trial court did not deny defendant's request to use marijuana because the use would be a violation of federal law, and thereby a violation of probation, contrary to MCL 771.3(1)(a). Rather, the trial court analyzed the circumstances of defendant's specific case and concluded that defendant was not an appropriate candidate to use marijuana while on probation. Defendant does not address the reasoning underlying the trial court's decision, and also fails to recognize that a trial court has considerable discretion to set conditions of probation. *Malinowski*, 301 Mich App at 185; *People v Graber*, 128 Mich App 185, 190-191; 339 NW2d 866 (1983).

MCL 771.3(3) permits a court to "impose other lawful conditions of probation as the circumstances of the case require or warrant or as in its judgment are proper." "Only if those conditions are unlawful will the sentencing judge's determination be disturbed." *Graber*, 128 Mich App at 191. "In exercising discretion in setting the terms and conditions of probation, a sentencing judge must be guided by factors that are 'lawfully and logically related' to the

---

[3] Defendant was originally issued a medical marijuana card in June 2012, and that card expired in July 2013. Defendant applied for certification for a new card on November 20, 2014, approximately one month after he was arrested for the offenses that led to his current convictions. Defendant asserts that he was diagnosed with fibromyalgia in 2010, and uses marijuana for pain relief. His new medical marijuana card was issued on February 12, 2015.

[4] There is nothing in the record to question the legitimacy of defendant's medical marijuana card.

defendant's rehabilitation." *People v Peters*, 191 Mich App 159, 164-165; 477 NW2d 479 (1991) (citation omitted).

The information available to the trial court provided ample support for finding that a prohibition on defendant's marijuana use, although not criminal for purposes of the MMMA, had a logical relationship to the crimes of which defendant was convicted and was reasonably related to deterring his future drug abuse and criminality. Defendant was convicted of OWI, third offense, and driving without a valid license. According to the presentence investigation report (PSIR), defendant has a long history of abusing both alcohol and marijuana. Defendant also has a prior federal conviction for conspiring to deliver marijuana. The 62-year-old defendant admitted that he had been using alcohol from the age of 18 until October 2014. Defendant's "longest period of alcohol sobriety has been the instant offense." In addition, defendant had used marijuana from the age of 18 until January 2015, and his daily marijuana use pattern was "two bowls." The trial court observed that defendant had tested positive for drug use after the pretrial order in this case was entered. The record thus reflects that defendant has had ongoing substance abuse issues with intoxicating drugs.

Further, the trial court found that defendant would simply be replacing one addictive drug—alcohol, for another—marijuana. Indeed, as part of his probation, defendant wore a SCRAM that would measure any alcohol intake. The trial court found it curious that, although defendant's first medical marijuana card expired in 2013, defendant did not apply for a new card until after he was arrested for the alcohol-related offense that led to his current convictions. In addition, the trial court considered defendant's pain treatment and observed that he had the option of using prescription pain medication. Defendant expressed a preference, not a necessity, for medical marijuana use as a pain medication. His counsel acknowledged that medical alternatives were available to treat defendant's pain, but noted defendant's dislike for the side effects of prescription medication. The trial court noted that the use of prescribed pain medication for defendant, who has a history of substance abuse, was favored because there were tests to determine the amount of prescription medication consumed, whereas there was no way to determine if defendant was abusing marijuana. When asked about this concern, defense counsel merely stated that marijuana was "a take as needed" medication. While the continued use of medical marijuana by probationers may in some cases be critical, this does not appear to be the case for defendant, who, again, had more than a year-long period without having a medical marijuana card and had other options for pain treatment.

In sum, the trial court did not abuse its discretion in denying defendant's request to use medical marijuana while on probation. The trial court considered the need to provide defendant with pain treatment, but it also took into consideration additional factors, such as defendant's history of substance abuse, the need to deter additional criminality, and the need to protect the public from further crimes by defendant. Defendant has failed to offer any persuasive argument for the proposition that the MMMA prohibits a trial court from ever imposing a probationary condition barring the use of medical marijuana. The challenged probationary condition is

reasonably related to the goal of defendant's rehabilitation, including preventing future criminality, as well as protecting the public.

Affirmed.

/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly