*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 09, 2025
10:27 AM

Plaintiff-Appellee,

v

No. 372429
Oakland Circuit Court
LC No. 2020-274676-FC

JALAUN AMILLIAN MARTIN,

Defendant-Appellant.

Before: GADOLA, C.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

Defendant, Jalaun Amillian Martin, appeals by leave granted[1] her sentence of five to fifteen years' imprisonment for unarmed robbery, MCL 750.530 (1). Defendant argues the trial court abused its discretion because defendant's sentence is unreasonable. We affirm.

In May 2020, defendant posted an advertisement on an escort website. She received a response from a man and arranged to meet him at a motel. Defendant and her boyfriend, Jerel Seahorn, robbed the man of his money, took his car keys, and stole his vehicle. When the victim attempted to stop them, Seahorn stabbed him in the arm with a knife. The victim was treated at the hospital and apparently fully recovered. Defendant and Seahorn were arrested. Defendant was charged with one count of armed robbery, MCL 750.529, and one count of carjacking, MCL 750.529a. Seahorn pleaded guilty to assault with intent to do great bodily harm and two counts of unarmed robbery.

Defendant was 19 years old at the time of the robbery and had no criminal record. Defendant was interviewed for the Presentence Investigation Report (PSIR) and disclosed that Seahorn forced her to take part in the robbery. Defendant explained that Seahorn had a history of assaulting her and taking her phone and money, and that she had been assaulted by Seahorn just prior to the robbery. Defendant further stated that it was Seahorn who had posted her

---

[1] *People v Martin*, unpublished order of the Court of Appeals, entered November 6, 2024 (Docket No. 372429).

-1-

advertisement on the escort website and set up the meeting with the victim; however, defendant admitted she knew Seahorn intended to rob the victim when they went to the motel room. Defendant described her childhood as very traumatic. Defendant witnessed her mother's murder, and was diagnosed with depression and post traumatic stress disorder at age 10. Defendant then lived with her father, who was physically abusive, until he kicked her out of the house at age 17.

Defendant pleaded guilty to two counts of unarmed robbery in exchange for the dismissal of the original charges of armed robbery and carjacking. The trial court deferred judgment under the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq*. The trial court sentenced defendant to three years' HYTA probation. Under the terms of probation, defendant was ordered to submit to drug and alcohol testing, to participate in outpatient or residential substance abuse treatment, to participate in mental health treatment, and to complete high school or a GED program.

On September 6, 2022, a bench warrant was issued for defendant's arrest because she failed to report to probation. Defendant was arrested on February 4, 2024, for driving a stolen vehicle. Defendant claimed the vehicle belonged to her boyfriend and that she did not know it was stolen. About a week later, the trial court held a hearing on the probation violation. Defendant pleaded guilty to absconding from probation, a non-technical violation. The trial court denied defendant bond because she absconded for over eighteen months. In the updated PSIR interview, defendant claimed that her probation agent stopped contacting her, and that defendant lost the phone number to the probation office so she stopped reporting.

At sentencing, the trial court expressed to defendant that the court had been "extraordinarily lenient" to her by granting her HYTA status and sentencing her to probation. The trial court stated the minimum sentencing guidelines for unarmed robbery are 36 to 71 months' imprisonment. The trial court revoked defendant's HYTA status and sentenced defendant to concurrent sentences of 5 to 15 years' (60 to 180 months') imprisonment, with jail credit of 278 days. Defendant now appeals.

Defendant argues the trial court abused its discretion in considering the sentencing guidelines for armed robbery because that charge was dismissed as part of defendant's plea agreement. Defendant also asserts that the trial court should have taken the Michigan Department of Corrections' (MDOC) sentence recommendation into account. These arguments lack merit.

Both within-guidelines sentences and sentences that deviate from the guidelines are reviewed for reasonableness. *People v Posey*, 512 Mich 317, 352; 1 NW3d 101 (2023). Appellate courts reviewing a sentence for reasonableness are to determine whether the trial court abused its discretion by violating the principle of proportionality. *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017). An abuse of discretion occurs when the trial court's decision "falls outside the principled range of outcomes." *People v Malinowski*, 301 Mich App 182, 185; 835 NW2d 468 (2013) (quotation marks and citation omitted). A trial court abuses its discretion when a defendant's sentence is not proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Dixon-Bey*, 321 Mich App at 521. While within-guidelines sentences are now reviewed for reasonableness on appeal, there is a presumption of proportionality "through which the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate[.]" *Posey*, 512 Mich at 359.

Sentencing a defendant to probation "is a matter of grace." MCL 771.4(1). Under HYTA,

> if an individual pleads guilty to a criminal offense, committed on or after the individual's eighteenth birthday but before his or her twenty-sixth birthday, the court of record having jurisdiction of the criminal offense may, without entering a judgment of conviction and with the consent of that individual, consider and assign that individual to the status of youthful trainee. [MCL 762.11(2)].

Once an individual is assigned as a youthful trainee under HYTA, the trial court "may at its discretion revoke that status any time before the individual's final release." MCL 762.12.

MCR 6.445(G) provides the sentencing procedure for probation violations as follows:

> If the court finds that the probationer has violated a condition of probation, or if the probationer pleads guilty to a violation, the court may continue probation, modify the conditions of probation, extend the probation period, or revoke probation and impose a sentence of incarceration pursuant to law. The court may not sentence the probationer to prison without having considered a current presentence report and may not sentence the probationer to prison or jail (including for failing to pay fines, costs, restitution, and other financial obligations imposed by the court) without having complied with the provisions set forth in MCR 6.425(B) and (D).[2]

"If a probation order is revoked, the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made." MCL 771.4(5).

The trial court revoked defendant's HYTA status and probation after she pleaded guilty to the probation violation of absconding for over eighteen months. MCR 6.445(G). At sentencing, defense counsel requested the trial court keep defendant's HYTA status because she dreamed of going to college to become a nurse, and a felony record could hinder her goal. Defendant addressed the court and took responsibility for her actions. The trial court stated that it reviewed the updated PSIR and appreciated what defendant expressed to the court. However, the trial court believed defendant took advantage of her lenient sentence for a very serious crime. The trial court then expressed its disagreement with the recommendation of MDOC to continue defendant's term of probation with a 90-day curfew tether. The trial court believed that the recommendation deviated substantially from the applicable unarmed robbery sentencing guidelines range of 36 to 71 months' imprisonment, and deviated tremendously from the sentencing guidelines range of 51 to 85 months' imprisonment for the original two counts of armed robbery that were ultimately dismissed pursuant to the plea agreement.

It is clear that the trial court did not abuse its discretion in stating the minimum sentencing guidelines range for armed robbery when sentencing defendant. It is an overstatement to say that

---

[2] MCR 6.425(B) dictates that a PSIR must be provided to the court and parties before sentencing, and MCR 6.425(D) generally outlines sentencing procedure.

the trial court based its sentencing decision on the sentencing guidelines for the dismissed charge of armed robbery. The trial court merely stated that the MDOC recommendation of no jail time was a substantial deviation from the sentencing guidelines range for unarmed robbery, especially considering defendant was originally charged with armed robbery, which carried an even higher sentencing range. The record shows that the trial court sentenced defendant for the charges she pleaded guilty to, two counts of unarmed robbery, in accordance with MCL 771.4(5) and within the guidelines for that offense.

The trial court correctly stated that the applicable minimum sentencing guidelines range for unarmed robbery was 36 to 71 months' imprisonment, and the trial court sentenced defendant pursuant to and within that range. It appears the trial court was using the guidelines range for armed robbery to highlight how lenient it believed the MDOC recommendation to be, not as an actual consideration in fashioning its sentence. Furthermore, defendant's argument that the trial court should have considered the MDOC recommendation is without merit. The record clearly shows that the trial court considered the recommendation, but ultimately rejected it.

Defendant also argues that her sentence at the high end of the minimum sentencing guidelines was disproportionate because the trial court did not tailor the sentence to defendant and the circumstances of the case. Defendant contends the trial court did not consider the fact that it was her co-defendant who possessed the knife. These arguments are without merit.

Defendant was sentenced to 5 to 15 years' imprisonment, which is about 60 to 180 months' imprisonment. The trial court determined the minimum sentencing guidelines range to be 36 to 71 months' imprisonment. Therefore, defendant's minimum sentence of 5 years is within the guidelines range, and a presumption of proportionality applies. *Posey*, 512 Mich at 359. Defendant bears the burden of demonstrating that her within-guidelines sentence is unreasonable or disproportionate. *Id*.

To demonstrate that her within-guidelines sentence is disproportionate, defendant argues the trial court did not tailor the defendant's sentence to the circumstances surrounding herself and the crime. Specifically, defendant asserts the trial court only focused on defendant absconding "without addressing any reason behind it, when her extensive psychiatric history and trauma was known to the court." However, defendant did not offer her mental health as the reason for absconding. When defendant was interviewed for the updated PSIR, she explained that her probation agent stopped contacting her, and defendant did not have the phone number for the probation office, so she merely stopped reporting. Defendant also did not attribute her absconding to mental health issues in her statement to the trial court. Defendant cannot now claim that the trial court should have known she absconded due to her psychiatric history and trauma.

The trial court tailored its sentence to the circumstances surrounding defendant and the crime. At sentencing, the trial court affirmed that it had read the updated PSIR, defendant's letter to the court, and had reviewed the original case file and related documents. The trial court said that it believed defendant had the ability to redeem herself and that it hoped she would "move forward in a constructive and productive way, recognizing that you have worth and that you should treat yourself like you have worth and treat others like they have worth." The trial court, however, felt that defendant took advantage of her original lenient sentence. The record therefore shows

defendant's sentence was reasonably tailored to the seriousness of the circumstances surrounding defendant and the crime. See *Dixon-Bey*, 321 Mich App at 521.

Defendant also contends her sentence was disproportionate because the trial court did not consider that it was Seahorn, not defendant, who used a knife during the crime. The record demonstrates the trial court was aware defendant was unarmed during the robbery and that it was her co-defendant who was armed and stabbed the victim. At the outset of defendant's sentencing hearing, the trial court stated it had read defendant's sentencing memorandum. The memorandum states that, "[Defendant] participated in the robbery and carjacking of [the victim], however, she did not possess the knife, nor believed that [the victim] would be physically harmed during the altercation." During the sentencing hearing, the prosecution stated that "[defendant] knew the boyfriend had a knife." The trial court accepted the plea agreement to dismiss the armed robbery and carjacking charges in exchange for defendant pleading guilty to two counts of unarmed robbery. This record shows the trial court considered defendant was unarmed during the crime. "If a probation order is revoked, the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made." MCL 771.4(5). The trial court revoked the order of HYTA probation and sentenced defendant for counts three and four, unarmed robbery, to concurrent sentences of 5 to 15 years' imprisonment. The trial court did not abuse its discretion in sentencing defendant within the minimum sentencing guidelines for the charges to which she pleaded guilty.

Defendant has not overcome the presumption that her within-guidelines sentence is proportionate and therefore reasonable. We affirm.

/s/ Michael F. Gadola
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock